UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| B.E.S., *et al.*,<br><br>               Plaintiffs,<br><br>        v.<br><br>SEATTLE SCHOOL DISTRICT NO. 1, *et al.*,<br><br>               Defendants. | CASE NO.  C05-2092RSM<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

## **I.  INTRODUCTION**

This matter comes before the Court on defendants' Motion for Summary Judgment.  (Dkt. #63).  Defendants argue that plaintiffs' federal claims should be dismissed because: (1) plaintiffs cannot establish their § 1983 claims, as neither defendant Terry Skjei nor defendant Seattle School District No. 1 ("School District") violated any of their federal constitutional rights; (2) plaintiffs cannot establish Title IX liability, as they cannot demonstrate conscious disregard; and (3) plaintiffs' claims against Terry Skjei in her individual capacity are an improper attempt to access punitive damages.  Defendants further argue that plaintiffs' state law claims should be dismissed because: (1) there is no private cause of action for failure to report child abuse; (2) no vicarious liability exists for

ORDER
PAGE - 1

either defendant; (3) plaintiffs fail to demonstrate a *prima facie* negligence claim against either defendant; (4) plaintiffs fail to demonstrate a *prima facie* case of outrage; (5) there is no applicable cause of action for aiding and abetting in this case; and (6) all tort claims by plaintiff J.S. must be dismissed for failure to comply with RCW 4.96.

Plaintiffs first respond that their state law claims should not be dismissed because: (1) they have made a *prima facie* case of negligence under all of the negligence theories that they assert; (2) the outrage claim requires a factual determination by the jury; (3) aiding and abetting is a recognized tort claim; (4) plaintiffs substantially complied with RCW 4.96; and (5) plaintiffs have the right to pursue a common law negligence action for failure to report. Plaintiffs further respond that their federal claims should not be dismissed because: (1) defendants are liable under Title IX; (2) plaintiff B.E.S. had a constitutional right to be secure in her person and that right was violated by defendants; (3) plaintiff B.E.S.'s parents' due process claim has merit; and (4) the jury should decide whether punitive damages exist. Plaintiffs also ask for sanctions against defendants for their failure to redact certain documents that were filed in support of their motion for summary judgment.

For the reasons set forth below, the Court disagrees with plaintiffs, and GRANTS defendants' motion for summary judgment.

## II. DISCUSSION.

### A. Background

This action arises from sexual abuse suffered by plaintiff B.E.S. at the hands of her former teacher, Lawrence "Shayne" Hill, over a period of several years beginning during the 2001-02 school year. During the 2001-02 school year, plaintiff was a fifth grade student at Broadview-Thompson Elementary school in Seattle, WA. Mr. Hill, a nonparty to this action, was plaintiff's teacher. At that time, he had been teaching fifth grade at Broadview for 20 years. In 2001-02, Dr. Herb Packer, another nonparty, was Broadview's principal, and defendant Terry Skjei was Assistant Principal.

ORDER
PAGE - 2

Plaintiffs allege that during B.E.S.'s fifth grade year, a time when she was particularly vulnerable because of her father's sudden death two years earlier, Mr. Hill made an effort to befriend B.E.S. and groom her to gain her trust. Mr. Hill sent B.E.S. gifts, notes and letters, gave her special chores and duties, ate lunch with her and spent time alone with her in his classroom. Eventually, Mr. Hill began molesting B.E.S., including touching her buttocks, kissing her hands, rubbing her hand, shoulder, armpits, waist and crotch, and occasionally digitally penetrating her vagina. This abuse continued for approximately two years after B.E.S. entered middle school. There is no dispute that B.E.S. never reported the abuse. Indeed, it was not until the parent of another student[1] saw Mr. Hill touch her own daughter's buttocks, that an investigation was conducted and B.E.S. admitted that she had been abused as well.[2]

Plaintiffs assert that defendants had notice of Mr. Hill's actions for many years prior to plaintiff's abuse, but acted with deliberate indifference to the safety and protection of Broadview's students by ignoring teacher complaints and failing to take any remedial action against Mr. Hill. In the instant action plaintiffs seek relief under 42. U.S.C. § 1983 and 20 U.S.C. § 1681, *et seq.* ("Title IX"), as well as several Washington state law theories. Defendants have moved to dismiss all of plaintiffs' claims.

**B. Summary Judgment Standard**

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The Court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969

---

[1] That student, D.G.T., is the plaintiff in a related case before this Court. *D.G.T. v. Seattle School District No. 1, et al.*, Case No. C06-0200RSM.

[2] Mr. Hill was eventually arrested, whereafter he pleaded guilty to child molestation and other sex crimes against children, for which he is currently serving a sentence of five years to life.

ORDER
PAGE - 3

F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,* 512 U.S. 79 (1994). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *See Anderson*, 477 U.S. at 257. Mere disagreement, or the bald assertion that a genuine issue of material fact exists, no longer precludes the use of summary judgment. *See California Architectural Bldg. Prods., Inc., v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987).

Genuine factual issues are those for which the evidence is such that "a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248. Material facts are those which might affect the outcome of the suit under governing law. *See id.* In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *O'Melveny & Meyers*, 969 F.2d at 747). Furthermore, conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment. *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 60 F. 3d 337, 345 (9th Cir. 1995). Similarly, hearsay evidence may not be considered in deciding whether material facts are at issue in summary judgment motions. *Blair Foods, Inc. v. Ranchers Cotton Oil,* 610 F. 2d 665, 667 (9th Cir. 1980).

**C. Plaintiffs' Motion for Sanctions**

As an initial matter, the Court addresses plaintiffs' motion for sanctions. Plaintiffs accuse defendants of deliberately misleading the Court on their motion for summary judgment and violating the Court's Protective Order by filing unredacted documents in support of their motion for summary judgment. Defendants note that they immediately took steps to remedy their inadvertent failure to seal certain documents, and note that plaintiffs themselves also failed to redact some of their documents. Defendants also respond that they have not intimidated any of plaintiffs witnesses and did not mislead the Court. In this instance, the Court is not persuaded by plaintiffs that sanctions are appropriate. Accordingly, the Court DENIES plaintiffs' request.

ORDER
PAGE - 4

**D. Defendants' Motion for Summary Judgment on Plaintiffs' § 1983 Claims**

Defendants have moved for summary judgment on plaintiffs' § 1983 claims, arguing that plaintiffs cannot establish that either Ms. Skjei or the School District violated any of plaintiffs' federal rights, plaintiffs cannot establish deliberate indifference, plaintiffs cannot prove that either an unconstitutional policy was the moving force behind their alleged injuries, and that, even if plaintiffs could demonstrate a constitutional violation, Ms. Skjei is entitled to qualified immunity. In this case, plaintiffs appear to allege § 1983 liability under several theories: (1) municipal liability on the part of Seattle School District No. 1; (2) liability on the part of either defendant based on the existence of a state-created danger and a special relationship between defendants and B.E.S.; and (3) individual § 1983 liability on the part of Ms. Skjei. The Court will address each of these theories accordingly.

*1. Municipal Liability*

Municipalities or political subdivisions are liable under § 1983 when the offending actions are taken "pursuant to official municipal policy." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). A municipality may also be liable for a policy of inaction if such inaction amounts to a failure to protect constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). Municipal liability does not arise, however, from *respondeat superior* or general liability theories. *Id.* at 385. Rather, plaintiff must show that: (1) plaintiff possessed a constitutional right of which she was deprived; (2) the municipality had a policy, custom or practice; (3) the policy amounts to deliberate indifference to plaintiff's constitutional right; and (4) the policy was the moving force behind the constitutional violation. *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992).

Deliberate indifference "occurs when the need for more or different action is so obvious, and the inadequacy of the current procedure so likely to result in the violation of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need." *Id.* at 1477-78 (citations and internal quotation marks omitted). The failure to adequately

implement a policy may form the basis of municipal liability if the failure in itself constitutes a policy of deliberate indifference. *Berry v. Baca*, 379 F.3d 764, 768 (9th Cir. 2004). Whether a municipality has pursued a policy of deliberate indifference is generally a question for the jury. *Pearce*, 954 F.2d at 1478. A policy is the moving force behind a constitutional violation if it caused the violation. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985). "Pointing to a municipal policy action or inaction as a 'but-for' cause is not enough to prove a causal connection under *Monell*. Rather, the policy must be the proximate cause of the section 1983 injury." *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 837, (9th Cir. 1996) (citations omitted).

Here, plaintiffs argue that municipal liability exists in this case because defendants deprived B.E.S. of her constitutional right to be secure in her body by ignoring set district policy, and dismissing signs of sexual abuse in order to protect its teacher's reputation. Plaintiffs also argue that the School District failed to adequately train its teachers and staff as to the appropriate action under state law and District policy if any of them suspected abuse. In support of their argument, plaintiffs point to the following specific examples: several deposed teachers testified that they understood their duty was to report suspected child abuse to administrators; written policy at Broadview confirmed that policy; the District supplied information that specifically told teachers and other staff not to call parents or Child Protective Services, but instead tell an administrator who would take appropriate action; when teachers actually reported inappropriate behavior to administrators, they were told that the matter was already taken care of, to confront Mr. Hill themselves, or were told that they didn't want to hear the reports; testimony by Ms. Skjei made clear that administrators weren't even sure what the policies and procedures were to report suspected abuse; and Mr. Packer simply never reported any suspected sexual abuse and instead attempted to protect Mr. Hill's professional reputation.

Defendants argue that these facts do not support a finding of municipal liability even when viewed in the light most favorable to plaintiffs. First, defendants note that few reports were ever

made to the administration about Mr. Hill in any fashion. For example, Ron Langston, a Broadview teacher, testified that he had only one conversation with Mr. Packer about Mr. Hill, and that he only reported that Mr. Hill had girls sitting on his lap. Mr. Langston also reported that while Mr. Packer was principal, he never reported anything directly to Ms. Skjei. Similarly, Frances Zavala, another Broadview teacher, never reported any concern to Ms. Skjei about Mr. Hill at the time she was assistant principal. She did make reports to Ms. Skjei when she became principal, after B.E.S. had left the school. In her conversations with Mr. Packer, Ms. Zavala described Mr. Hill's actions as inappropriate touching. Finally, Ms. Zavala has testified that, prior to her deposition in this case, she had never told anyone the extent of what she now asserts she saw, including Ms. Skjei. Defendants also note that there is no dispute that the only inappropriate touching that Ms. Skjei herself witnessed was Mr. Hill holding hands with students in the hallway.

Defendants next argue that there was no policy in effect at the time B.E.S. was a student that required teachers only to report suspected abuse to administrators. Defendants point to plaintiffs' erroneous reliance on RCW 28A.400.317, which did not become effective until June 10, 2004. With respect to that statute, the language explicitly indicates that individual mandatory reporting obligations remain unchanged. Defendants also point to plaintiffs' erroneous reliance on a Guide to Handling Employee Misconduct, which was not created until 2006 and has not been formally adopted. Similarly, defendants assert that plaintiffs improperly rely on the Emergency Procedures manual, which was not created until February 2005.

The Court agrees with defendants. Based on the record before this Court, and not on plaintiff's unsupported allegations, when the evidence is viewed in the light most favorable to plaintiffs, the Court finds no widespread practice or policy of allowing abuse, or any practice or policy to ignore suspected abuse. Further, the Court agrees that defendants actions do not amount to deliberate indifference in this case.

As noted above, deliberate indifference occurs when the need for more or different action is

ORDER
PAGE - 7

so obvious, and the inadequacy of the current procedure so likely to result in the violation of constitutional rights, that the policymakers can reasonably be said to have been deliberately indifferent to the need.  Here, there is nothing to suggest that there was an obvious need for the school to take different action to protect identifiable constitutional rights.  Several of the teachers testified that while they witnessed Mr. Hill with his female students sitting on his lap, they did not directly report such behavior to the administration or did not become immediately concerned.  For example, Ms. Boswell testified that she was upset when she witnessed B.E.S. sitting on Mr. Hill's lap, but only informed another teacher, who subsequently informed Ms. Skjei.  Ms. von Haartman stated that she did not feel she had anything to report to CPS, so she informed Ms. Skjei that she thought Mr. Hill's actions were inappropriate, but also stated that she did not want to get involved.  Mr. Langston stated that he witnessed Mr. Hill inappropriately touching female students on several occasions, but did not think much of it at the time, and finally reported it to Mr. Packer during a conversation pertaining to his own inappropriate behavior.  These teachers also characterized Mr. Hill's actions as subtle, and all believed the appropriate step was to inform the administration rather than make a CPS report themselves.

In addition, both Ms. Skjei and Dr. Packer spoke to Mr. Hill about appropriate boundaries with his students, and encouraged him to change his behavior.  The school also arranged a teacher presentation about appropriate interactions with students.  The Court acknowledges that neither administrator took any disciplinary action against Mr. Hill, and that, arguably, such practice is negligent in creating the risk of further inappropriate touching by Mr. Hill.  However, in order for municipal liability to exist, a policy of inaction must be more than mere negligence. *See Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).  Accordingly, and for the additional reasons above, the Court finds that summary judgment in favor of defendants is appropriate on the municipal liability claim.

ORDER
PAGE - 8

*2. State-Created Danger*

A municipality or political subdivision may also be found liable under § 1983 where a plaintiff is deprived of constitutional rights by a private actor as a result of a state-created danger. *Huffman v. City of Los Angeles*, 147 F.3d 1054, 1059 (9th Cir. 1998). The "state-created danger" theory is a potential source of both individual and municipal liability, and is viewed as an exception to the rule that municipal liability may not be based on the acts of private individuals. *Id.* at 1058-59; *L.W. v. Grubbs*, 92 F.3d 894 (9th Cir. 1996). In order to succeed on a claim based under this theory, a plaintiff must show "that the state official participated in creating a dangerous condition, and acted with deliberate indifference to the known or obvious danger in subjecting the plaintiff to it." *Grubbs*, 92 F.3d at 900. The "deliberate indifference" standard requires the plaintiff to show:

> (1) an unusually serious risk of harm . . . , (2) defendant's actual knowledge of (or at least, willful blindness to) that elevated risk, and (3) defendant's failure to take obvious steps to address that known, serious risk.

*Id.* A defendant will not be liable under the state-created danger theory unless the defendant's actions in creating the dangerous condition are the proximate cause of the constitutional injury. *Van Ort*, 92 F.3d at 837. Proximate cause requires that the private actor's actions be a foreseeable result of the state official's participation in the creation of a dangerous condition. *Id.* Thus, the unforeseeable acts of private actors break the chain of causation between the actions of a state official and the alleged constitutional violation. *Id.*

Plaintiffs allege that defendants created a dangerous situation by putting B.E.S. in Mr. Hill's class, and keeping her in that class, despite warnings that B.E.S. was in distress, and despite warnings that Mr. Hill was sexually abusing her and other students. To succeed on that claim, plaintiffs must show that a state official participated in creating a dangerous condition, and acted with deliberate indifference to the known or obvious danger in subjecting the plaintiffs to it. The Court finds that there was not a known, serious risk that Mr. Hill would molest B.E.S. As discussed above, the evidence produced by plaintiffs shows that there were few reports to

administrators about Mr. Hill's behavior, and those reports were only that Mr. Hill had been seen with girls sitting on his lap. B.E.S. never reported the abuse, and Ms. Skjei only witnessed Mr. Hill holding students' hands in the hallway. Further, for the reasons already discussed, defendants' actions do not rise to a level of deliberate indifference, and there is no evidence that either the School District or Ms. Skjei purposefully intended to cause plaintiffs harm. Accordingly, the Court finds that summary judgment in favor of defendants is appropriate on the state-created danger claim.

### *3. Individual Liability Under § 1983*

Plaintiffs further argue that Ms. Skjei violated B.E.S.'s constitutional right to personal security and to bodily integrity by failing to investigate the allegations and reports of inappropriate behavior by Mr. Hill. To prevail on such a claim, plaintiff must show "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a constitutional right." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Further, to be liable under § 1983, plaintiff must show that the deliberate or affirmative act or omission of the defendant caused the deprivation of constitutional rights. *Stevenson v. Koskey*, 877 F.2d 1435, 1439 (9th Cir. 1989). As already discussed, the Court finds that Ms. Skjei's actions do not amount to deliberate indifference in this case. *Harry A. v. Duncan*, 351 F. Supp.2d 1060, 1074-76 (D. Mont. 2005). Accordingly,

summary judgment in Ms. Skjei's favor is appropriate.[3]

### *4. Loss of Consortium*

Plaintiffs have also raised a due process violation on the basis of parental loss of consortium. In this context, a plaintiff must prove that the defendant intended to harm the parent-child relationship, not just the child. *McCurdy v. Dodd*, 352 F.3d 820, 827-28 (3d Cir. 2003). Plaintiffs fail to point to any evidence in the record that defendants intended to harm B.E.S.'s relationship

---

[3] Because the Court finds that no constitutional violation occurred, it need not address defendants' qualified immunity argument.

ORDER
PAGE - 10

with her parents. Accordingly, summary judgment in favor of defendants on this claim is appropriate.

**E. Title IX**

Title IX provides that no person "shall, on the basis of sex, . . . be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). It is undisputed that Seattle School District No. 1 receives federal financial assistance. In *Gebser v. Lago Vista Independent School District*, 524 U.S. 274 (1998), the United States Supreme Court held that damages are available under Title IX only if "an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf has actual knowledge of discrimination in the recipient's programs and fails adequately to respond." *Gebser*, 524 U.S. at 280. The court expressly declined to impose liability on "principles of *respondeat superior* or constructive notice," instead demanding actual notice to an official of the defendant. *Id.* at 285; *see also Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 641 (1999) (reinforcing the holding of *Gebser*); *Oden v. N. Marianas College*, 440 F.3d 1085, 1088-1089 (9th Cir. 2006).

Defendants first argue that Ms. Skjei, an assistant principal at the time, is not a "funding recipient" for purposes of Title IX, and therefore cannot be held liable in her individual capacity under the statute. *See Sherz v. Hawaii Dept. Of Ed.*, 396 F. Supp.2d 1138, 1145 (D. Hawaii 2005) (explaining that "Title IX does not subject school officials to liability in their individual capacities."). Plaintiffs have produced no authority to the contrary. Accordingly, to the extent that plaintiffs assert their Title IX claims against Ms. Skjei in her individual capacity, the Court agrees that such claims must be dismissed as a matter of law.

As for the claim against defendants in their official capacities, *Gebser* made clear that liability under Title IX will not lie unless an official who has authority to address the alleged discrimination fails to adequately respond, and such response must amount to deliberate

ORDER
PAGE - 11

1  indifference. *Gebser*, 524 U.S. at 291. This Court has already determined that defendants' actions
2  do not amount to deliberate indifference. Accordingly, plaintiffs' Title IX claims must be dismissed.

### F. State Law Claims

Because the Court will dismiss all of plaintiffs' federal claims, it now declines supplemental jurisdiction over plaintiffs' remaining state law claims. *See* 28 U.S.C. 1367(c)(3); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (*en banc*) (holding that a district court has discretion to decline to exercise supplemental jurisdiction over nonfederal claims if it has dismissed all claims over which it had original jurisdiction). Accordingly, plaintiffs' state law claims will be remanded to state court.

### III. CONCLUSION

Having reviewed defendants' motion for summary judgment (Dkt. #663), plaintiffs' response (Dkt. #72), defendants' reply (Dkt. #75), the declarations and evidence in support of those briefs, and the remainder of the record, the Court hereby ORDERS:

(1) Defendants' Motion for Summary Judgment (Dkt. #63) is GRANTED, and plaintiffs' federal claims are DISMISSED.

(2) Plaintiffs' state law claims are hereby REMANDED to King County Superior Court. The Clerk SHALL close this file and send a certified copy of this Order to the Clerk of Court for the King County Superior Court.

(3) Plaintiffs' pending Motion In Limine (Dkt. #87) is STRICKEN AS MOOT.

(4) Defendants' pending Motion to Strike Plaintiffs' Expert (Dkt. #80), Motion to Prevent Plaintiffs from Concealing Their Identity (Dkt. #95), and Motion In Limine (Dkt. #85) are STRICKEN AS MOOT.

(5) The Court had previously informed counsel that a new trial date for related case *D.G.T. v. Seattle School District No. 1*, C06-0200RSM, would be addressed during the pre-trial conference in this matter. Because this action is now dismissed, the Court will address a new trial date for the

ORDER
PAGE - 12

related case in its Order on defendants' pending motion for summary judgment in that action, which shall be issued shortly.

(6) The Clerk shall forward a copy of this Memorandum Order to all counsel of record.

DATED this _6_ day of March, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 13