UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| D.G.T, <br><br>           Plaintiff, <br><br>     v. <br><br> SEATTLE SCHOOL DISTRICT NO. 1, *et al.*, <br><br>           Defendants. | CASE NO. C06-0200RSM <br><br> ORDER OF RECUSAL, VACATING PRIOR ORDER, AND RE-OPENING RELATED CASE |

This matter comes before the Court *sua sponte*. On March 9, 2007, the undersigned District Judge notified counsel that he is related to a witness in this action and the related action of *B.E.S. v. Seattle School District No. 1*, C05-2092RSM ("B.E.S."). Specifically, he informed the parties that Gloria Morris – an employee of the Seattle School District and witness offered by plaintiffs in opposition to defendants' motion for summary judgment – is married to his wife's cousin. The undersigned District Judge informed the parties that he had not been aware that Ms. Morris would be a witness in these related actions, and saw her name for the first time on review of defendants' summary judgment motions. He then informed the parties that he had issued all of his prior Orders before confirming that the Ms. Morris involved in this action is the same Ms. Morris to whom he is related by marriage, and assured the parties that no particular weight or special consideration had been assigned to her testimony. He then asked each party to submit its position on the effect of the undersigned District Judge's relation to Ms. Morris.

ORDER

1    In response, defendants took no particular position, but submitted two declarations – one from
2    Ms. Morris stating that she had first informed defense counsel of her relation by marriage to the
3    undersigned District Judge prior to her deposition, and one from defense counsel, stating that he, in
4    turn, informed plaintiffs' counsel of that relation.

5    Not surprisingly, plaintiffs responded that it is their position the undersigned District Judge is
6    mandated to recuse himself. Plaintiffs also take the position that, to avoid any appearance of
7    impropriety, the Court should vacate its prior Order granting summary judgment in defendants' favor
8    in the related case, *B.E.S.*

9    Defendants subsequently responded that recusal is not necessary, and the Court should
10   proceed with consideration of the pending motions in this case. Plaintiffs have asked the Court for
11   leave to file a Reply to defendants' Response. However, the Court finds no reply necessary as the
12   undersigned District Judge will recuse himself from this case, vacate his prior order on summary
13   judgment in *B.E.S.*, and re-open *B.E.S.*

14   Having reviewed the parties' positions, the Court hereby finds and ORDERS:

15   (1) Although the undersigned District Judge believes that he has not demonstrated any actual
16   bias toward plaintiffs in this case, nor does he believe that he has demonstrated any actual bias in
17   *B.E.S.*, he hereby RECUSES himself from both actions in an effort to avoid any appearance of
18   impropriety. The undersigned District Judge takes his duties and responsibilities seriously, and
19   recognizes the importance of the public's ability to maintain confidence in the judicial system. It is for
20   that reason alone that the undersigned District Judge recuses himself from this action, and will re-open
21   the related case. However, this decision is not made lightly, and the Court finds it necessary to
22   respond to several points raised by plaintiffs in their brief as follows.

23   First, refusing to acknowledge their own failure to inform the Court of a potential conflict,
24   plaintiffs attempt to shift blame squarely on the undersigned District Judge by asserting that the
25   undersigned District Judge could have known from the inception of these related cases that he had a

26   ORDER

1 potential conflict simply because Seattle School District No. 1 is a named defendant.  The Court notes
2 that not only does the Seattle School District employ over 5,000 people, thereby making it impossible
3 to guess who or who not may be a potential witness in any given case, the undersigned District Judge
4 also had no prior knowledge of Ms. Morris's job title or position with the school district, and therefore
5 no informed basis for assuming that she may be a witness in these actions.  Indeed, Ms. Morris herself
6 informed plaintiffs' counsel that she did not have a close relationship with the undersigned District
7 Judge, and saw him only occasionally during large family functions.  It was not until the undersigned
8 District Judge was presented with evidence on summary judgment that he saw Ms. Morris's name,
9 recognized it, and confirmed that it was the same person married to the cousin of his wife.  Neither
10 defense counsel nor plaintiffs' counsel presented the Court with their knowledge of Ms. Morris's
11 relation to the judge, or with any other opportunity to uncover this information sooner.

12      Second, plaintiffs complain that this Court unduly delayed its summary judgment decision, and
13 its notification to the parties that the undersigned District Judge is related to Ms. Morris.  The Court
14 recognizes that its decision was issued only shortly before trial, and understands the parties' frustration
15 with that timing.  However, as all parties are aware, this Court handles thousands of civil cases each
16 year, and the undersigned District Judge in particular has approximately 300 civil cases on his docket.
17 The Court must prioritize pending motions in all of those cases, as well as handle trials, settlements,
18 and criminal matters.  Plaintiffs cannot seriously believe that theirs is the only active case pending
19 before this Court, or that the Court's delay in issuing any Order results from bias toward a particular
20 party.

21      Finally, the Court finds it difficult to accept plaintiffs' arguments as genuine, especially in light
22 of the fact that plaintiffs did not apparently decide that Ms. Morris's relation to the undersigned
23 District Judge could be a potential conflict until after having lost several motions, including a summary
24 judgment order which resulted in the dismissal of the related case.  Further, plaintiffs now cite a litany
25 of complaints about all of the Court's previous Orders in the related *B.E.S.* case, in what appears to be

26 ORDER

an effort to either create bias, or demonstrate that this Court has continuously been prejudiced against them throughout the proceedings. The Court takes issue with such an attack. Had plaintiffs felt that the Court committed error in its previous Orders, they could have followed normal procedures by filing motions for reconsideration, or by seeking some other relief. Instead, plaintiffs remained silent until met with an opportunity to make baseless and offensive allegations as to the undersigned District Judge's propriety in handling these related actions.

(2) This case is now REASSIGNED to the Honorable John C. Coughenour, Senior United States District Judge.

(3) The Court VACATES its previous Order and Judgment (Dkts. #105 and #106) in related case C05-2092RSM, *B.E.S. v. Seattle School District No. 1, et al.* The Clerk shall RE-OPEN that case and RE-NOTE defendants' Motion for Summary Judgment (Dkt. #63), as well as the pending motions in limine (Dkts. #80, #85 and #87), on their original noting dates, for consideration by Judge Coughenour.

(4) The Court DECLINES TO VACATE any other Order issued in *B.E.S.* None of the Court's prior Orders in that case considered or addressed any testimony by Ms. Morris.

(5) A copy of this Order shall be posted in C05-2092RSM.

(6) Case number C05-2092RSM is hereby TRANSFERRED to Judge Coughenour, as related to the instant case, for all future proceedings. All future filings shall contain the Case No. C05-2092C.

(7) The Clerk is directed to send copies of this Order to all counsel of record.

DATED this   20   day of March, 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER